IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**OSVALDO RIVERA RODRIGUEZ,**

        Petitioner,

**v.**                                        Civil Action No. 5:20-cv-128
                                                    Judge Bailey

**ROBERT HUDGINS, Warden,**

        Respondent.

## REPORT AND RECOMMENDATION

### I. Procedural Background

On June 30, 2020, Robert Hudgins ("the petitioner"), a federal inmate incarcerated at FCI Gilmer, filed a *pro se* Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241. On August 27, 2020, the petitioner paid the $5.00 filing fee. This matter is pending before the undersigned for an initial screening pursuant to LR PL P 2.

### II. The Petition

The petitioner contends that the Bureau of Prisons ("BOP") has incorrectly calculated his custody level classification. More specifically, the petitioner alleges that when he arrived at FCI Gilmer his Custody Level was +27. After meeting with his Unit Team, the petitioner alleges that his +27 with a +2 variance was reevaluated. However, he maintains that once the Unit Team Once reevaluated, the +2 variance was removed, but the other variances were not awarded, and his custody level was assigned as +25. He maintains this is not an accurate custody level calculation. For relief, he wants his custody level to

1

properly reflect BOP policy.[1]

### III. Standard of Review

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As discussed below, the undersigned has

---

[1] Although the petitioner does not identify a particular policy, the BOP's Program Statement ("P.S.") 5100.08, *Inmate Security Designation and Custody Classification*, establishes guidelines for designating inmates to institutions according to security levels and for assigning custody classifications.  See BOP P.S. 5100.08, available at http://www.bop.gov/policy index.jsp (last viewed March 4, 2021).

Custody classification is the review process whereby inmates are assigned custody levels based upon their criminal histories, instant offense, and institutional behavior/adjustment. See P.S. 5100.08, Chapter 2, p.2. An inmate's custody level dictates the degree of staff supervision required for the inmate. See id.

P.S. 5100.08 includes guidelines for scoring a Form BP-338, the custody classification form.  See P.S. 5100.08, Chapter 6. A Form BP-338 contains numerous categories. Depending on an individual inmate's circumstances, each category is assigned varying point values. Base scoring categories include: type of detainer; severity of current offense; months to release date; criminal history score; history of escape or attempts; history of violence; voluntary surrender; age; educational level; and drug and alcohol abuse. A number of different categories are used and assigned varying point values in Custody Scoring. These categories include, for example, percentage of time served, consideration of program participation, living skills, incident reports, and community/family ties.  The Base Score and Custody Total are used to obtain a Custody Variance Score. The Custody Variance Score and Base Score provide the Security Total or the classification score. The classification score indicates the appropriate security level for that particular inmate.

determined that the petitioner is not entitled to relief and recommends that this matter be dismissed without requiring the respondent to address the matter.

## IV. Analysis

Section 2241 provides a remedy where a prisoner "is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a Section 2241 petition, a prisoner may seek relief from his parole, computation of his sentence or disciplinary actions taken against him. "[T]he Supreme Court [has] held that the writ of habeas corpus was the exclusive civil remedy for prisoners seeking release from custody." Glaus v.Anderson, 408 F.3d 382, 386 (7th Cir. 2005). Also worth noting is that at the "heart of habeas corpus" petitions, the petitioner is challenging "the fact or duration of his physical confinement," or "seeking immediate release or a speedier release from active confinement." Preiser v. Rodriguez, 411 U.S. 475, 498 (1973).

Here, the petitioner alleges no facts to demonstrate that the BOP's custody classification has affected the fact or duration of his confinement. For example, he does not allege that his right to earn good conduct time has been affected by his custody classification. Nor does he allege that he is being denied the right to participate in any program, the successful completion of which affects the length of his sentence.

Challenges to a federal prisoner's custody classification, like the one brought by the petitioner, are therefore not cognizable in habeas under § 2241. See Levi v. Ebbert, No. 09-3325, 2009 WL 4196470, at (3rd Cir. Nov. 30, 2009) ("Claims concerning the determination of [a prisoner's] custody level do not lie at the 'core of habeas' and, therefore,

3

are not cognizable in a § 2241 petition"). Numerous district courts within the Fourth Circuit, including this one, have noted or applied this principle. Sappleton v. Hogsten, No. 1:11-00552, 2014 WL 2565547, at *1 (S.D. W.Va. June 6, 2014) (construing § 2241 petition challenging custody classification as a complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and dismissing it for failure to state a claim); Rodriguez v. Cruz, No. 9:12-2154, 2013 WL 2416321, at *4 (D.S.C. June 3, 2013) (reasoning that a § 2241 habeas petition is not the proper avenue for challenging a prisoner's security or custody classification); Moore v. Driver, Civil Action No. 1:07cv166, 2008 WL 4661478 at *8 (N.D. W.Va. Oct. 21, 2008 (same).

## V. Recommendation

For the reasons stated, the undersigned recommends that the petitioner's § 2241 petition **[Doc.1]** be **DENIED and DISMISSED.**

Within fourteen days after service of this Report and Recommendation, any party may file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the**

**Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: March 5, 2021

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE