**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**OSVALDO RIVERA RODRIGUEZ,**

Petitioner,

v.

**CIVIL ACTION NO. 5:20-CV-128**
Judge Bailey

**ROBERT HUDGINS,** Warden,

Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 9]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on March 5, 2021, wherein he recommends the § 2241 petition be denied and dismissed. For the reasons that follow, this Court will adopt the R&R.

### I. BACKGROUND

On June 30, 2020, Osvaldo Rivera Rodriguez ("petitioner"), a federal inmate incarcerated at FCI Gilmer, filed a *pro se* Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241. *See* [Doc. 1]. Petitioner contends that the Bureau of Prisons ("BOP") has incorrectly calculated his custody level classification. [Id.]. More specifically, petitioner alleges that when he arrived at FCI Gilmer, his Custody Level was +27. [Id.]. After meeting with his Unit Team, the petitioner alleges that his +27 Custody Level with a +2 variance was reevaluated. [Id.].

1

However, he maintains that once the Unit Team reevaluated, the +2 variance was removed but other variances were not awarded, which resulted in a improper +25 Custody Level designation. [Id.]. Petitioner seeks to correct this purportedly erroneous Custody Level classification through § 2241. [Id.].

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1971).

2

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure.   Petitioner timely filed his Objections [Doc. 14] on April 13, 2021. Accordingly, this Court will review the portions of the R&R to which objections were filed *de novo*, and the remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

§ 2241 provides a remedy where a prisoner "is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3).  In a § 2241 petition, a prisoner may seek relief from his parole, computation of his sentence, or disciplinary actions taken against him. "[T]he Supreme Court [has] held that the writ of habeas corpus was the exclusive civil remedy for prisoners seeking release from custody." *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005).  At the "heart of habeas corpus" petitions, petitioners challenge "the fact or duration of [their] physical confinement," or "[seek] immediate release or a speedier release from active confinement." *See Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973).

In the R&R, Magistrate Judge Mazzone found that petitioner alleges no facts to demonstrate that BOP's custody classification has affected the fact or duration of his confinement. [Doc. 9 at 3].  Petitioner objected to the R&R, stating that he is entitled to relief under § 2241 based on the computation of his sentence.   [Doc. 14 at 1–2].  However, petitioner's objections center on the computation of his Custody Level classification rather than the execution of sentence.  [Id. at 2].

3

As indicated by Magistrate Judge Mazzone, challenges to a federal prisoner's custody classification, like the challenges brought here, are not cognizable under § 2241. *See Levi v. Ebbert*, 353 F.App'x 681, 682 (3d Cir. 2009) ("Claims concerning the determination of [a prisoner's] custody level do not lie at the 'core of habeas' and, therefore, are not cognizable in a § 2241 petition"). Numerous district courts within the Fourth Circuit have noted or applied this principle. *Sappleton v. Hogsten*, 2014 WL 2565547, at *1 (S.D. W.Va. June 6, 2014) (construing § 2241 petition challenging custody classification as a complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and dismissing it for failure to state a claim); *Rodriguez v. Cruz*, 2013 WL 2416321, at *4 (D.S.C. June 3, 2013) (reasoning that a § 2241 habeas petition is not the proper avenue for challenging a prisoner's security or custody classification): *Moore v. Driver*, 2008 WL 4661478, at *8 (N.D. W.Va. Oct. 21, 2008) (Keeley, J.) (same).

## IV. CONCLUSION

For the aforementioned reasons, petitioner's Objections [**Doc. 14**] are **OVERRULED**, and it is the opinion of this Court that the **Report and Recommendation [Doc. 9]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, this Court **ORDERS** that the § 2241 petition [**Doc. 1**] be **DENIED** and **DISMISSED.** This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

4

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: April **21**, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

5